```
┌─────────────────────────────────────┐
│ USDS SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____               │
│ DATE FILED: 12/1/15                  │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AMERICAN COMMERCIAL LINES LLC,
NATIONAL LIABILITY & FIRE INSURANCE
COMPANY, INDEMNITY INSURANCE           09 Civ. 7957 (LAK)(JCF)
COMPANY OF NORTH AMERICA, LIBERTY
MUTUAL INSURANCE COMPANY, FEDERAL
INSURANCE COMPANY and THE              **STIPULATION AND ORDER**
NORTHERN ASSURANCE COMPANY OF          **REGARDING THE REVISED**
AMERICA,                               **REPORT AND RECOMMENDATIONS**
                                       **OF SPECIAL MASTER**
                    Plaintiffs,

         vs.

WATER QUALITY INSURANCE SYNDICATE,

                    Defendant.
-------------------------------------------------------------X

        WHEREAS, by Stipulation and Order [Doc. 63] Raymond J. Burke, Esq. was approved

and authorized to (i) act as Special Master to hear the parties' unresolved disputes regarding the

apportionment of costs and quantum of claimed costs and expenses that are potentially

reimbursable under Coverage C of the WQIS Policy and (ii) issue a Report and Recommendation

for consideration by the Court regarding the quantum of costs and expenses reimbursable under

Coverage C of the WQIS Policy, and

        WHEREAS, the Special Master issued a "Revised Report and Recommendations of

Special Master" dated August 19, 2015, a copy of which is appended hereto as Exhibit 1

("Report and Recommendations"),

NOW THEREFORE, IT IS STIPULATED AND AGREED that,

    (i)      No party objects to the Report and Recommendations,

    (ii)     The parties jointly request that the Court adopt the Report and Recommendations

           in its entirety, and

    (iii)    No party, by virtue of having entered into this Stipulation, shall be deemed to

           have waived or forfeited any of its rights to appeal any other Order or Judgment

           in this matter.

Dated:   New York, New York
         November 20, 2015

                    CLYDE & CO. US LLP
                    *Attorneys for Defendant*
                    *Water Quality Insurance Syndicate*

                    By: _John M. Woods_____
                    John M. Woods, Esq.
                    The Chrysler Building
                    405 Lexington Avenue, 16th Floor
                    New York, New York 10174
                    Tel: (212) 710-3900
                    Fax: (212) 710-3950
                    File No.: 46917-1001430

2

NICOLETTI HORNIG & SWEENEY
*Attorneys for Plaintiffs*
*American Commercial Lines LLC, et al.*

By: _Richard W. Stone II_
Richard W. Stone II, Esq.
Wall Street Plaza
88 Pine Street, Seventh Floor
New York, New York 10005-1801
Tel:      (212) 220-3830
Fax:      (212) 220-3780
File No.:   28000007

SO ORDERED:

_James C. Francis IV_

Lewis A. Kaplan
United States District Judge         12/1/15

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN COMMERCIAL LINES LLC, NATIONAL LIABILITY & FIRE INSURANCE COMPANY, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, FEDERAL INSURANCE COMPANY and THE NORTHERN ASSURANCE COMPANY OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>WATER QUALITY INSURANCE SYNDICATE,<br><br>Defendant. | 09 CIV 7957 (LAK)(JCF)<br><br><br>**REVISED**<br>**REPORT AND RECOMMENDATIONS**<br>**OF SPECIAL MASTER** |

By Stipulation and Order dated November 13, 2013, I was appointed Special Master with respect to the apportionment of costs and quantum of costs and expenses that may be reimbursable under Coverage C of the WQIS Policy, subject to certain defenses which are ultimately to be decided by the Court.

The Plaintiffs and Defendant Water Quality Insurance Syndicate ("WQIS") are sophisticated insurance entities with marine insurance experience. Likewise, the three law firms involved are experienced, sophisticated law firms, all well regarded in the maritime law field.

The law firms leading the SDNY litigation are Nicoletti Hornig & Sweeney ("NHS") for Plaintiffs and Clyde & Co. US LLP ("Clyde") for WQIS. The second firm for Plaintiffs, Jones Walker LLP ("Jones Walker") of New Orleans, long-time outside counsel to American

Commercial Lines LLC ("ACL"), played a significant role in this matter and was lead counsel. After all, the collision and oil spill at the center of this matter occurred in the Mississippi River within the port limits of New Orleans.

Following the exchange of pre-hearing briefs and the exchange of documents (ending up with 10 linear feet of declarations, exhibits, invoices and other documents), four hearings were held.  The following testified for Plaintiffs:

> John Lane  (President, Maritime Alliance Group, Inc. ["MAGI"])
> Charles Bilbe  (Director of Environmental Division of Worley Catastrophe Response, LLC ["Worley"])
> Glen Goodier  (Jones Walker)
> Paul Ferguson (V.P., Starr Adjustment Services, Inc. ["Starr"])
> John Nicoletti (NHS)
> Dawn Landry  (Sr. V.P. and G.C. of ACL)

The following testified on behalf of WQIS:

> Harry Diamond (WQIS) (at two hearings)
> Robert Simmons (President, Environmental Science Services, Inc.)

Following the close of hearings, the parties fully briefed the matter with post-hearing briefs and reply briefs.  Attached hereto is the "Index of the Record Before Special Master Raymond J. Burke, Jr., Esq." dated April 29, 2015.

This case involves a primary pollution liability insurance policy issued by WQIS and WQIS' obligation under the policy to reimburse investigation and defense costs and expenses incurred by the assured, ACL, in relation to a collision and oil spill on the Mississippi River in July 2008. (I will not repeat the procedural history of this case. Suffice it to say that the non-ACL plaintiffs joined the action after filing of the Complaint.)  WQIS acknowledges that it has an obligation to reimburse ACL for investigation and defense costs and expenses, but it contends that its obligation terminated upon its payment of the policy's limit of indemnity under

Coverage A for cleanup costs. ACL contends that WQIS' obligation to reimburse defense costs is unlimited. The parties agree the date when WQIS reached the Coverage A limits was August 27, 2008.

Coverage A provides in the relevant section:

**COVERAGE A**

**The Discharge or Substantial Threat of a Discharge of Oil**

> 1) Liability to the United States or to any Claimant imposed under Section 1002 of the Oil Pollution Act of 1990 (Public Law 101-380, as amended), hereafter the "Act", and costs and expenses incurred by the Assured for Removal of **Oil** for which liability would have been imposed under Section 1002 of the Act, had the Assured not undertaken such Removal voluntarily;

Coverage C provides as follows:

**COVERAGE C**

**Investigation and Defense**

> Costs and expenses incurred by the Assured with the prior consent of WQIS for investigation of, or defense against, any liabilities covered under COVERAGE A or B of PART I of the policy.

The WQIS policy does not define the term *investigation cost or expense* or the term *defense cost or expense.*

Some principles considered in the process:

1.      WQIS has taken the position that its own claim review process is the only probative evidence of what constitutes a defense cost under Coverage C. I do not agree with the position that WQIS alone can interpret its policy, although I tended to agree with many of its results.

2.      In interpreting the WQIS policy, I followed the plain language approach, bearing in mind that this policy reflects OPA 90 liabilities.

The following constitute my recommendations for the payment of Coverage C investigation and defense costs payable to Plaintiffs, bearing in mind that there are defenses I was asked not to consider, as they are before the Court. Many of the charges are clear-cut but the "mixed" charges are not. In addition, many of the invoices lack the specificity one would expect in an event like this, and that impacts Plaintiffs' burden of proof. The parties recognize that to be the case and they have made suggestions as to allocation of the "mixed" use invoices. Notwithstanding voluminous documentation and attempts at clarification by counsel, my recommendations in regard to the "mixed" invoices are, in many cases, more art than science.

Finally, Plaintiffs have requested that I address "post-August 2013" costs and expenses. Defendants have objected and I decline to do so.

CLAIMS BY VENDOR

| CLAIMS | WQIS POSITION | ACL POSITION | COMMENTS | RECOMMENDATIONS |
|---|---|---|---|---|
| American Arbitration Association ($8,050.00) | Requests denial of any payment. | Requests payment of 100%. | This is a claim for administrative fees awarded in a contractual dispute commenced by HEPACO, Inc., an oil spill response organization ("OSRO"), against Summit, also an OSRO, for non-payment of invoices. This is a response cost, by a party not named in the policy. Recommend denial. | $0 |
| Bergin Maritime Consulting ($43,428.22) | "Mixed." | Requests payment of $41,691.09. | The parties stipulate that ACL incurred this amount as a trial expense (expert testimony regarding vessel maneuverability) but dispute how this mixed expense should be apportioned between pollution and non-pollution liabilities. I recommend that Plaintiffs be reimbursed for 75% or $32,571.16. | $32,571.16 |
| BMT Argoss Ltd. ($165,277.75) | "Mixed." | Requests payment of 96% ($158,666.64) | I recommend that this be reimbursed on a 75% basis in the amount of $123,958.31. | $123,958.31 |

| CLAIMS | WQIS POSITION | ACL POSITION | COMMENTS | RECOMMENDATIONS |
|---|---|---|---|---|
| Budwine & Associates, Inc. ($100,945.67) | No dispute. | No dispute. | The parties have agreed to a compromise of Budwine's charges of $100,945.67 under Coverage C. | $100,945.67 |
| Center for Toxicology & Environmental Health, LLC ($503,320.41) | Requests denial. | Requests payments of 50% of Phase 1 and 2 charges in the amount of $445,489.08 and $57,831.33 | This claim is for reimbursement for work done in connection with monitoring air samples for the purpose of protecting against bodily injury claims. This is a protection and indemnity club matter, not covered by WQIS. | $0 |
| Docusource ($14,907.88) | "Mixed." | Requests payment of 96% ($14,311.56) | I recommend payment of 75% or $11,180.91. | $11,180.91 |
| Cardno Entrix ($711,001.55) | No dispute. | No dispute. | | $711,001.55 |
| Fox Rothschild ($68,000.43) | Denial of any payment. | Requests payment of 100% | Fox Rothschild was retained as criminal counsel. Parenthetically, the fact that some earlier fees of counsel were paid by WQIS is noted. From experience, I am also aware that the Fund would use any excuse to deny or delay payments so it was a benefit to the parties that no criminal actions were | $0 |

| CLAIMS | WQIS POSITION | ACL POSITION | COMMENTS | RECOMMENDATIONS |
|---|---|---|---|---|
| | | | commenced; while it was money well spent, the purpose of the work was not claim defense related. | |
| GAEA Consultants, LLC ($48,167.12) | "Mixed." | Requests payment of 96% ($46,240.43) | Recommend payment of 75% ($36,125.34). | $36,125.34 |
| George Randall ($252,349.63) | "Mixed." | Requests payment of 96% ($242,255.64) | Recommend payment of 96% ($242,255.64). | $242,255.64 |
| Hogan and Hartson/Hogan Lovells US LLP ($103,637.20) | "Mixed." | Requests payment of 96% ($99,491.71) | This is a "whistleblower" suit. While it was money well spent, it is not covered by WQIS. | $0 |
| Holbrook and Murphy ($3,574.89) | | | Law firm engaged in a contract dispute between two OSRO's (ACL-related company Summit and Clean Harbors Environmental Services, Inc.). These are response costs not covered by Coverage C.  Recommend denial. | $0 |
| Intertek USA Inc. ($8,928.02) | No dispute. | No dispute. | Compromised figure. | $8,928.02 |
| Jodi Simcox court reporter ($1,400.40) | "Mixed." | Requests payment of 96% ($1,344.38) | Recommend a 50/50 split. | $700.20 |

| CLAIMS | WQIS POSITION | ACL POSITION | COMMENTS | RECOMMENDATIONS |
|---|---|---|---|---|
| Karen Anderson Ibos court reporter ($2,554.80) | "Mixed." | Requests payment of 96% ($2,452.60) | Recommend a 50/50 split. | $1,277.40 |
| Susan A. Zielie court reporter ($1,272.60) | "Mixed." | Requests payment of 96% ($1,221.69) | Recommend a 50/50 split. | $636.30 |
| Toni Doyle Tusa court reporter ($2,822.40) | "Mixed." | Requests payment of 96% ($2,709.50) | Recommend a 50/50 split. | $1,411.20 |
| Jones Walker LLP ($588,343.40 and $1,972,555.79) | $588,343.40 is an agreed amount. | $588,343.40 is an agreed amount.<br><br>Requests payment of 96% ($1,893,653.56) | Recommend payment of $588,343.40 and 75% of $1,972,555.79 ($1,479,416.84).<br><br>The parties agree that Jones Walker performed "mixed" services covered by billings of $1,972,555.79 but disagree on the apportionment. WQIS suggests a 50/50 split and ACL suggests payment of 96%. As with all of the "mixed," there is no precise mathematical formula to be used. I recommend that a 75/25 split is a fair one ($1,479,416.84/ $493,138.95). The total costs | $588,343.40 and $1,479,416.84 for a total of $2,067,760.24. |

| CLAIMS | WQIS POSITION | ACL POSITION | COMMENTS | RECOMMENDATIONS |
|---|---|---|---|---|
| | | | Jones Walker incurred in connection with (a) the defense of claims for the potential assessment of federal and state civil fines and penalties and (b) the defense against potential criminal prosecution or exposure), represent the costs for "mixed" services performed by Jones Walker during Phase II ($1,840,502.01). | |
| Kim & Wright ($197,784.62) | Agreed. | Agreed. | Defense costs. | $197,784.62 |
| Magnan Graizzaro & Associates CPA, LLC ($256,521.29) | Requests that I recommend denial of any payment to Magnan. Magnan's work was done in connection with defense of oil pollution liability, a Coverage A issue. In addition, all of the work done by Magnan was done for the benefit of excess underwriters who had retained them. | Requests payment of 100%. | Recommend denial. | $0 |
| Marine Chemist of Louisiana, L.L.C. ($850.00) | Requests denial. | Requests payment of 50% (50% of $850.00) | This claim is for reimbursement for work done in connection with monitoring air samples for | $0 |

| CLAIMS | WQIS POSITION | ACL POSITION | COMMENTS | RECOMMENDATIONS |
|---|---|---|---|---|
| | | | the purpose of protecting against bodily injury claims. This is a protection and indemnity club matter, not covered by WQIS. Recommend denial. | |
| Maritime Alliance Group, Inc. ($540.00 and $1,048,640.09) | Requests that I recommend denial of any payment to MAGI. Plaintiffs in a brief before the Fifth Circuit have characterized MAGI's work as follows: "MAGI was hired to audit the invoices of the OSROs, . . . according to the 'universal practice' in oil spill responses." Those are Coverage A expenses. | $540.00 is agreed. Requests payment of remaining $1,048,640.09 in full. | I agree with WQIS' position. Other than the agreed upon amount, the remainder is denied as being oil spill response expenses. For the most part, the expenses cover review of OSRO invoices and verification of worker Hazwoper certifications and I-9 forms. | $540.00 |
| Martin, Ottaway, van Hemmen & Dolan, Inc. ($71,434.69) | Agreed. | Agreed. | Investigation and defense expenses. (Compromise). | $71,434.69 |
| Nicoletti Hornig & Sweeney ($719,174.75 and $2,796,380.30) | "Mixed." WQIS request that NHS be paid 50% of $2,796,380.30 in the amount of $1,398,190.15. WQIS requests that I recommend denial of payment | | Of all of the "mixed" categories, none is more difficult to decipher than that of the NHS work. That NHS did excellent work (and a lot of it) is undisputed. What is disputed is what WQIS | $1,864,553.54 and $64,418.25 (Items 1-7 below) for a total of $1,928,971.79. |

REVISED REPORT AND RECOMMENDATIONS OF SPECIAL MASTER

| CLAIMS | WQIS POSITION | ACL POSITION | RECOMMENDATIONS |
|---|---|---|---|
| | of $719,174.75 to NHS. | | |

COMMENTS

should pay for it.

The NHS position requesting 96% of "mixed" expenses is based on the theory that the pollution liability so overwhelmed the non-pollution liability that all work (or 96% of it) should be treated as pollution-related. I disagree.

NHS entered the case representing underwriters as "monitoring counsel" and, at some later time, represented ACL at the urging of underwriters. While ACL claims that NHS was retained shortly after the collision, nobody has been able to date to pinpoint when that was. Clearly, it was not shortly after the collision, however. Like the parties, I am unable to establish the date.

Jones Walker is a first class, experienced maritime firm and I do not know why or if it needed the assistance of NHS. Clearly, there was

| CLAIMS | WQIS POSITION | ACL POSITION | COMMENTS | RECOMMENDATIONS |
|---|---|---|---|---|
| | | | inevitable overlap and duplication of work. This is not a criticism of either law firm but it was an arrangement put in place by underwriters for their own reasons and, at the least, it was not cost-efficient.<br><br>Billing to underwriters did not need to be broken down along the lines which would permit WQIS to determine what was covered, and what was not, so items not covered by WQIS (personal injury, for example) were not broken out in the billings. In spite of tremendous effort later in time, a precise breakdown remains elusive.<br><br>I recommend a 2/3 split of the $2,796,380.30 total in the amount of $1,864,553.54.<br><br>The areas to which WQIS objects to any payment concern seven issues:<br><br>1. "OSRO/OSRO related" ($334,614.00 disputed). | |

| CLAIMS | WQIS POSITION | ACL POSITION | COMMENTS | RECOMMENDATIONS |
|---|---|---|---|---|
| | | | In my opinion, work done in connection with OSRO billing is a response cost, not reimbursable under Coverage C. | |
| | | | 2. Summit category ($195,605.50 in dispute). | |
| | | | Summit is an OSRO which incurred charges in connection with a dispute with its sub-contractor Clean Harbors. Summit is not an additional assured under the WQIS policy and this claim should be denied. | |
| | | | 3. USCG category ($3,299.50 disputed). | |
| | | | This was work done on behalf of excess underwriters and should be denied. | |
| | | | 4. Personal/Bodily injury category ($62,055.75 in dispute). | |
| | | | This work concerned defense of personal injury claims, and not covered by WQIS. | |

REVISED REPORT AND RECOMMENDATIONS OF SPECIAL MASTER

| CLAIMS | WQIS POSITION | ACL POSITION | COMMENTS | RECOMMENDATIONS |
|---|---|---|---|---|
| | | | Recommend denial. | |
| | | | 5. "Excess Underwriters" category ($45,938.00 in dispute). | |
| | | | This represents work done on behalf of both WQIS and excess underwriters. I recommend a 50/50 split ($22,969.00/$22,969.00). | |
| | | | 6. "ACL v WQIS" category ($12,866.50 in dispute). | |
| | | | There are no outstanding disputes under this category. | |
| | | | 7. "Vague/Admin" category ($82,898.50 in dispute). | |
| | | | Admittedly vague and administrative but I recommend a 50/50 split ($41,449.25/$41,449.25). | |
| William George ($5,000.00) | Toxicologist who testified/"Mixed." | Requests payment of 96% ($4,800.00) | Recommend payment of 75% ($3,750.00) | $3,750.00 |
| Worley Catastrophe Response, LLC ($73,932.50 and | "Mixed." WQIS requests that I recommend payment of $73,932.50 constituting | | Phase I: $51,623.71 (total) Phase I: $32,813.71 (mixed) Phase II: $18,810.00 (agreed) Phase II: $547,177.28 (total) | $73,932.50 and $393,651.37 for a total of $467,583.87. |

| CLAIMS | WQIS POSITION | ACL POSITION | COMMENTS | RECOMMENDATIONS |
|---|---|---|---|---|
| $547,177.28) | investigation and defense costs reimbursable under Coverage C.<br><br>WQIS requests that Worley be paid 50% of the mixed costs in the amount of $262,434.25. | | Phase II: $492,054.78 (mixed)<br>Phase II: $55,122.50 (agreed)<br><br>I recommend payment of 75% of $524,868.49 ($393,651.37) | |
| | | | | TOTAL=$6,008,816.91 |

REVISED REPORT AND RECOMMENDATIONS OF SPECIAL MASTER

I reserve the right to correct mathematical errors or omissions.

I recommend that the Plaintiffs and the Defendant split my fee 50/50.

Dated:   New York NY
         August 19, 2015

_____
RAYMOND J. BURKE, JR.
Special Master

0003_S03.DOCX

# INDEX

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

AMERICAN COMMERCIAL LINES LLC,
NATIONAL LIABILITY & FIRE INSURANCE
COMPANY, INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA, LIBERTY MUTUAL
INSURANCE COMPANY, FEDERAL INSURANCE
COMPANY and THE NORTHERN ASSURANCE
COMPANY OF AMERICA,

                            Plaintiffs,

        vs.

WATER QUALITY INSURANCE SYNDICATE,

                        Defendant.
-------------------------------------------------------------------X

09 Civ. 7957 (LAK)(JCF)

## INDEX OF THE RECORD BEFORE
## SPECIAL MASTER RAYMOND J. BURKE, JR., ESQ.

| Index No. | Exhibit Reference | Description |
|---|---|---|
| 1 | - | Plaintiffs' Pre-Hearing Brief |
| 2 | - | Defendant's Pre-Hearing Brief d. January 8, 2014 |
| 3 | - | Transcript of hearing held January 15, 2014 (pp. 1-212) |
| 4 | - | Transcript of hearing held January 16, 2014 (pp. 213-395) |
| 5 | - | Transcript of hearing held January 22, 2014 (pp. 396-570) |
| 6 | - | Transcript of hearing held May 15, 2014 (pp. 571-641) |
| 7 | - | Declaration of Charles Bilbe d. December 24, 2013 |
| 8 | - | Declaration of Paul J. Ferguson d. January 2, 2014 |
| 9 | - | Declaration of Glenn G. Goodier d. December 27, 2013 |
| 10 | - | Declaration of Dawn R. Landry d. December 19, 2013 |

| 11 | - | Declaration of John C. Lane d. December 18, 2013 |
| 12 | - | Declaration of Ralph K. Markarian d. December 30, 2013 |
| 13 | - | Declaration of John A.V. Nicoletti d. January 7, 2014 |
| 14 | 1 | Stipulation and Order appointing Raymond J. Burke, Jr., Esq. Special Master d. November 13, 2013 (DI 63) |
| 15 | 2 | Amended Complaint (without Exhibit A) (DI 35) |
| 16 | 3 | Answer to Amended Complaint (DI 39) |
| 17 | 4 | WQIS policy No. 4020783 (i.e., Exhibit A to the Amended Complaint, but without the schedule of vessels) (DI 35) |
| 18 | 5 | Third Layer Bumbershoot Liabilities policy (Landry Ex. 7 – ACL(ACL) 0000172 – ACL(ACL) 0000191) |
| 19 | 6 | Responsible party designation letter d. July 24, 2008 (ACL(NHS) 0100287 – ACL(NHS) 0100290) |
| 20 | 7 | List of WQIS payments under Coverage A (Landry Ex. 11) |
| 21 | 8 | FRE 1006 Summary of Defense Costs incurred between July 23, 2008 and August 27, 2008 (Rev-3) (Phase I) |
| 22 | 9 | FRE 1006 Summary of Defense Costs incurred after August 27, 2008 and paid as of August 31, 2013 (Rev-5) (Phase II) |
| 23 | 10 | FRE 1006 Summary by Vendor of Defense Costs claimed from WQIS as of August 31, 2013 (Rev-2) |
| 24 | 11 | Cardno Entrix invoice analysis (Phase I) (ACL(ENTRIX) 0000001) |
| 25 | 12 | Cardno Entrix invoice analysis (Phase II) (paid as of August 31, 2013) (ACL(ENTRIX) 0000002) |
| 26 | 13 | MAGI invoice analysis (Phase I) (ACL(MAGI) 0000001) |
| 27 | 14 | MAGI invoice analysis (Phase II) (paid as of August 31, 2013) (ACL(MAGI) 0000002 – ACL(MAGI) 0000003) |

1001430 1669274.12

| 28 | 15 | Worley invoice analysis (Phase I)<br>(ACL(Worley) 0012105) |
|----|----|---|
| 29 | 16 | Worley invoice analysis (Phase II) (paid as of August 31, 2013)<br>(ACL(Worley) 0012106 – ACL(Worley) 0012107) |
| 30 | 17 | Jones Walker invoice analysis (Phase II)<br>(paid as of August 31, 2013)<br>plus individual invoice allocation summaries<br>(ACL(JW) 0000352 – ACL(JW) 0000411) |
| 31 | 18 | *USA v. ACL v. ES&H/USES* (5th Cir.); Appellate Brief of USA d. September 2013 |
| 32 | 19 | *USA v. ACL v. ES&H/USES* (5th Cir.); Appellate Opposition Brief of USES d. September 18, 2013 |
| 33 | 20 | Letter d. February 24, 2011 from Harry Diamond of WQIS to Brad Hendrick of Integro regarding settlement of Jones Walker invoices<br>(ACL(NHS) 0484569) |
| 34 | 21 | Jones Walker invoices (Phase II) (58 invoices)<br>(ACL(JW) 0000412 – ACL(JW) 0001750)<br>with invoice allocation summaries |
| 35 | 22 | Nicoletti Hornig & Sweeney interim invoice nos. 1-58 (Phase I and Phase II) with redaction calculation summaries<br>(ACL(NHS) 0488927 – ACL(NHS) 0489515) |
| 36 | 23 | Maritime Alliance Group, Inc. ("MAGI") invoice nos. 1-77<br>(Phase I and Phase II)<br>(ACL(MAGI) 0000001- ACL(MAGI) 0000003); (Various BATES stamps between ACL(NHS) 0104210- ACL(NHS) 0488789) |
| 37 | 24 | Worley Catastrophe Response, LLC ("Worley") invoice nos. 1-53<br>(Phase I and Phase II)<br>(ACL(WORLEY) 0010195 -  ACL(WORLEY) 0010228);<br>(ACL(WORLEY) 0012105- ACL(WORLEY) 0012166); (Various BATES stamps between ACL(NHS) 0106790- ACL(NHS) 0488893) |
| 38 | 25 | American Arbitration Association invoice (1)<br>(ACL(NHS) 0169397 – ACL(NHS) 0169398) |
| 39 | 26 | Bergin Maritime Consulting invoices (4)<br>(ACL(NHS) 0484591 – ACL(NHS) 0484594) |
| 40 | 27 | BMT Argoss Ltd. invoices (4)<br>(ACL(NHS) 0101403, ACL(NHS) 0484595 - ACL(NHS) 0484597) |

| 41 | 28 | Budwine & Associates, Inc. invoices (5)<br>(ACL(NHS) 0484598 – ACL(NHS) 0484623,<br>ACL(NHS) 0484662 – ACL(NHS) 0484664) |
|---|---|---|
| 42 | 29 | Center for Toxicology and Environmental Health, LLC invoices (9) |
| 43 | 30 | Docusource invoice (1)<br>(ACL(NHS) 0484665 – ACL(NHS) 0484666) |
| 44 | 31 | Cardno Entrix invoices (36)<br>(ACL(ENTRIX) 0000001); (Various BATES stamps between ACL(NHS)<br>0102134 – ACL(NHS) 0488894); (ACL(WORLEY) 0010305) |
| 45 | 32 | Fox Rothschild LLP invoices (10)<br>(ACL(NHS) 0103193 - ACL(NHS) 0103200); (ACL(NHS) 0103209 -<br>ACL(NHS) 0103227); (ACL(NHS) 0103229- ACL(NHS) 0103240);<br>(ACL(NHS) 0103260 - ACL(NHS) 0103272) |
| 46 | 33 | GAEA Consultants, LLC invoices (2)<br>(ACL(NHS) 0485369 – ACL(NHS) 0485370) |
| 47 | 34 | George Randall invoices (4)<br>(ACL(NHS) 0096759 - ACL(NHS) 0096761); (ACL(NHS) 0485926-<br>ACL(NHS) 0485938) |
| 48 | 35 | Hogan Lovells US LLP (formerly Hogan and Hartson) invoices (4)<br>(ACL(NHS) 0103273 – ACL(NHS) 0103285, ACL(NHS) 0485371 –<br>ACL(NHS) 0485380) |
| 49 | 36 | Holbrook & Murphy invoices (2)<br>(ACL(NHS) 0103308 – ACL(NHS) 0103313) |
| 50 | 37 | Intertek invoice (1)<br>(ACL(NHS) 0485391 – ACL(NHS) 0485392) |
| 51 | 38 | Court Reporter invoices (4)<br>(1)  Jodi Simcox          (ACL(NHS) 0484668)<br>(2)  Karen Anderson Ibos    (ACL(NHS) 0484667)<br>(3)  Susan A. Zielie       (ACL(NHS) 0484670)<br>(4)  Toni Doyle Tusa       (ACL(NHS) 0484669) |
| 52 | 39 | Kim & Wright, P.C. (formerly Kreigstein, Kim & Wright, P.C.)<br>invoices (24)<br>(Various BATES stamps between ACL(NHS) 0104151 through<br>ACL(NHS) 0488152; others without BATES stamps) |

| 53 | 40 | Magnan Graizzaro & Associates CPAs, LLC invoices (8) (ACL(NHS) 0105011 – ACL(NHS) 0105059) |
| 54 | 41 | Marine Chemists of Louisiana, L.L.C. invoice (1) (ACL(WQIS-NY) 0343 – ACL(WQIS-NY) 0342) |
| 55 | 42 | Martin Ottaway, van Hemmen & Dolan, Inc. invoices (2) (ACL(NHS) 0105060 – ACL(NHS) 0105066, ACL(NHS) 0485924 – ACL(NHS) 0485925) |
| 56 | 43 | William J. George invoice (1) (ACL(NHS) 0485939) |
| 57 | 44 | Affidavit of Harry J. Diamond d. October 24, 2013 |
| 58 | 45 | Affidavit of Harry J. Diamond d. December 6, 2013 |
| 59 | 46 | U.S. Coast Guard Incident Management Handbook (2006 Edition) (Chapter 10 only) |
| 60 | 47 | Stipulation d. May 14, 2014 with Exhibit A |
| 61 | 48 | Summary and itemization sheets, by invoice, of charges in the Nicoletti firm invoices that Plaintiffs voluntarily withdraw from their claim (these charges are some of the charges highlighted by WQIS in Ex. P and supplement the Nicoletti firm charges previously excluded from the claim (i.e., redacted) by Plaintiffs in Ex. 22) |
| 62 | 49 | Representative settlement document signed by "sniffer" claimants |
| 63 | 8A | FRE 1006 Summary of Defense Costs incurred between July 23, 2008 and August 27, 2008 (Rev-4) (Phase I) |
| 64 | 9A | FRE 1006 Summary of Defense Costs incurred after August 27, 2008 and paid as of August 31, 2013 (Rev-6) (Phase II) |
| 65 | 10A | FRE 1006 Summary by Vendor of Defense Costs claimed from WQIS as of August 31, 20123 (Rev-3) |
| 66 | - | Witness Statement of Harry J. Diamond d. January 8, 2014 |
| 67 | - | Witness Statement of Robert A. Simmons d. January 7, 2014 |
| 68 | A | Plaintiffs' Response to Defendant's First Request for Admissions d. September 13, 2013 |

| 69 | B | Second Layer Bumbershoot Liabilities policy<br>(Landry Ex. 6 – ACL(ACL) 0000140 – ACL(ACL) 0000171) |
|----|---|---|
| 70 | C | ACL's First Request for Reimbursement d. October 11, 2009<br>(Ferguson Ex. 2 – ACL(NHS) 0479939 - ACL(NHS)0479940) |
| 71 | D | ACL's Second Request for Reimbursement d. September 14, 2010<br>(Landry Ex. 46) |
| 72 | E | Schedule of Payments (as of June 30, 2013) as produced by<br>Plaintiffs on July 31, 2013 |
| 73 | F | Excerpts from the Transcript of the Deposition of Douglas Charles<br>Ruschman d. August 7, 2013 |
| 74 | G | Email to Dawn Landry from Cory Davis d. April 2, 2009<br>(ACL(ACL) 00008174) |
| 75 | H | Email to John Nicoletti from Cory Davis d. April 6, 2009<br>(ACL(NHS) 0251163 – ACL(NHS) 0251164) |
| 76 | I | Email exchange between Paul Ferguson, John Nicoletti and the<br>Excess Insurers d. May 12, 2009 – May 18, 2009<br>(NACA 001097 – NACA 001100) |
| 77 | J | Email exchanges between John Nicoletti and Excess Insurers<br>d. November 19, 2010 and John Nicoletti, Dawn Landry,<br>Dan Picou and Paul Ferguson d. September 15, 2010<br>(NACA 001240 – NACA 001242) |
| 78 | K | Email exchanges between John Nicoletti and Excess Insurers<br>d. January 13, 2010 – January 22, 2010<br>(Landry Exhibit 49 – ACL (WORLEY) 0002127 – ACL (WORLEY)<br>0002134) |
| 79 | L | Letter from Charlie Bilbe to Hogan & Hartson d. February 17, 2010<br>(ACL (WORLEY) 0002122 – ACL (WORLEY) 0002123) |
| 80 | M | Letter from Charlie Bilbe to Hogan & Hartson d. February 18, 2010<br>(ACL (WORLEY) 0002145 – ACL (WORLEY) 0002146) |
| 81 | N | Letter to Dawn Landry from Charlie Bilbe d. December 3, 2011<br>(ACL (WORLEY) 0008458) |
| 82 | O | Letter to Dawn Landry from Charlie Bilbe d. December 3, 2011<br>(ACL (WORLEY) 0008467) |

| 83 | P | Marked-up copies of the Nicoletti firm interim invoice nos. 1-58 |
|----|----|---|
| 84 | Q | *Gabarick v. Laurin Maritime* (E.D. La.) Doc. No. 1435; Opinion d. September 28, 2012 (Judge Lemelle's decision) |
| 85 | R | *ACL v. D.R.D. Towing Co.* (E.D. La.) Doc. No. 1; Complaint for Declaratory Judgment d. July 22, 2009 (Nullification action) |
| 86 | S | Copy of 33 U.S.C. § 2703 |
| 87 | T | Copy of 33 U.S.C. § 2704 |
| 88 | U | Order and Reasons d. June 11, 2013 dismissing nullification complaint |
| 89 | V | Jones Walker letter submission to mediator d. September 1, 2009 regarding sniffer claims |
| 90 | W | Glenn Goodier email to Dawn Landry d. August 1, 2008 (ACL(ACL) 001836) |
| 91 | X | Glenn Goodier email to Dawn Landry d. August 6, 2008 (ACL(NHS) 0201077) |
| 92 | Y | Letter d. August 17, 2010 from Tania Gibbs' (claimant) lawyer to DRD's lawyer (J. Emmett) |
| 93 | Z | Copy of 33 U.S.C. § 2702 |
| 94 | AA | WQIS letter to ACE and Starr d. August 4, 2008 (Ferguson Ex. 3 – ACL(ACL) 0001905- ACL(ACL) 0001906) |
| 95 | BB | Emails regarding Magnan firm d. 2009 (Ferguson Ex. 39 – NACA 001097 – NACA 001100) |
| 96 | CC | HEPACO's demand for arbitration d. February 13, 2009 (ACL (NHS) 0241571 – ACL (NHS) 0241577) |
| 97 | DD | Email exchanges d. February 2009 regarding HEPACO dispute with Summit ACL(NHS) 0239110 – ACL(NHS) 0239113 |
| 98 | EE | Email exchanges d. February 2009 regarding HEPACO (ACL(NHS) 0240611 – ACL(NHS) 0240612) |
| 99 | FF | Arbitration Award (HEPACO matter) d. January 8, 2010 |

| 100 | GG | Emails d. February 2009 regarding whether the NPFC requires ACL to submit I-9 forms (ACL(NHS) 0240862 – ACL(NHS) 0240866) |
| 101 | HH | *Oil Mop v. Summit* (E.D. La.) Doc. No. 1; Complaint |
| 102 | II | *Oil Mop v. Summit, et al* (E.D.La.); Civil Docket for Case #:2:11-cv-00089-EEF-DEK as of January 15, 2014 |
| 103 | JJ | Emails d. February 2011 regarding Entrix Subpoena (ACL(NHS) 0483864 – ACL(NHS) 0483872) |
| 104 | KK | ACL Corporate organizational chart (as of March 31, 2008) (Landry Ex. 1 – ACL(NHS) 0187261) |
| 105 | LL | *Gabarick v. Laurin Maritime* (5th Cir.) Doc. No. 00512496638; Per Curiam Opinion d. January 10, 2014 |
| 106 | MM | *Zinn v. ACL*; ARB Decision and Order d. March 28, 2012 |
| 107 | NN | Email d. December 9, 2008 from D. Ruschman to J. Nicoletti, et al. requesting comprehensive update regarding USES invoices (Landry Ex. 19 – ACL(ACL) 0006403 – ACL(ACL) 0006406) |
| 108 | OO | Email d. December 21, 2008 from D. Landry to J. Nicoletti, G. Goodier and D. Ruschman noting C. DeMonaco does not recommend the nullification action (Landry Ex. 20 – ACL(ACL) 0006529) |
| 109 | PP | Email exchanges d. February 2009 regarding Commander Harper, sea trials J. Nicoletti correspondence, proposed follow up by ACL (Landry Ex. 23 – ACL(ACL) 0007014 – ACL(ACL) 0007016, ACL(ACL) 0007020 – ACL(ACL) 0007021) |
| 110 | QQ | *ACL v. ES&H/USES* (5th Cir.) Dkt. No. 00512307600; Appellate Brief of ACL d. July, 15, 2013 |
| 111 | RR | Marked-up copies of 17 Jones Walker invoices with summary sheets (Objection pending) |
| 112 | -- | Plaintiffs' Post-Hearing Brief d. July 1, 2014 |
| 113 | -- | Defendant's Main Post-Hearing Brief d. July 1, 2014 |

| 114 | - | Plaintiffs' Post-Hearing Reply Brief d. August 29, 2014 |
| 115 | - | Defendant's Reply Brief d. August 29, 2014 |

Dated: New York, New York
      April 29, 2015

NICOLETTI HORNIG & SWEENEY
*Attorneys for Plaintiffs*
*American Commercial Lines LLC, et al.*

By: _Richard W. Stone II_

  Richard W. Stone II
  Wall Street Plaza
  88 Pine Street, Seventh Floor
  New York, New York 10005-1801
  Tel:   (212) 220-3830
  Fax:  (212) 220-3780
  Email:  rstone@nicolettihornig.com

CLYDE & CO US LLP
*Attorneys for Defendant*
*Water Quality Insurance Syndicate*

By: _____

  John M. Woods
  Corey R. Greenwald
  The Chrysler Building
  405 Lexington Avenue, 16th Floor
  New York, New York 10174
  Tel:  (212) 710-3900
  Fax:  (212) 710-3950
  Email: john.woods@clydeco.us